IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VIRGINIA C. MUNOZ | § | |
| | § | |
| V. | § | A-11-CA-151-LY |
| | § | |
| SETON HEALTHCARE D/B/A | § | |
| SETON HEALTH NETWORK, ET AL. | § | |

## ORDER

Before the Court are: Plaintiff's Motion to Compel Defendants to Comply with Plaintiff's Request for Production of Discovery of Evidence (Clerk's Docket Nos. 50 & 51); Defendants' Response (Clerk's Docket No. 52); and Plaintiff's Reply (Clerk's Docket No. 54).

In this case, Plaintiff sues her former employer Seton Healthcare, under Title VII of the Civil Rights Act of 1964 ("Title VII"), the ADA, the ADEA, the FMLA and the Texas Commission on Human Rights Act, Texas Labor Code Chapter 21. Plaintiff requests the Court to compel Defendants to respond to Requests for Production 1A through 13A.[1] Since the filing of the Motion to Compel,

---

[1] The requests at issue seek the following:

| | |
|---|---|
| Request 1A: | Doc. 06-06-0005 WPA |
| Request 2A: | agendas from Patient Access and Patient Safety Committee meetings; |
| Request 3A: | minutes from Patient Access and Patient Safety Committee meetings; |
| Request 4A: | all documents involved with Plaintiff's Resolution Process; |
| Request 5A: | Patient Error Occurrence Reports from 2008-2009 |
| Request 6A: | a list of employees who attended Patient Safety Meetings prior to August 14, 2009; |
| Request 7A: | Lacy Elliott's 2010 job requisition from Seton; |
| Request 8A | reports of how many patients were seen in SSW ER per day from June 2009 thru March 2010; |
| Request 9A: | copies of computer generated monthly reports of the number of patient access representatives working from August 2009 thru March 2010; |
| Request 10A: | a list of documented Patient Safety Errors occurring from 2008 thru 2010, identifying the date, type of error, what department, and the name of the employee who created the error; |

Defendant has agreed to produce the documents requested in Plaintiff's Requests 9A, and 11A, and Plaintiff has agreed to withdraw Request 6A, 10, and 13A. Those issues are therefore moot. With regard to Request 2A, Defendants attest that they cannot locate the requested documents. Accordingly, the motion to compel production of the documents requested in Request 2A is DENIED. With regard to the remaining Requests for Production, Plaintiff has failed to demonstrate that the requested documents are relevant to her claims or any defenses in this case. *See* FED. R. CIV. P. 26(b). In addition, the Court finds that the discovery sought would be unreasonably burdensome, the burden or expense of the proposed discovery outweighs its likely benefit, and the requests seek sensitive medical information. For these reasons as well, the motion to compel these documents is denied. FED. R. CIV. P. 26(b).

Based upon the foregoing, the Court **HEREBY DENIES AS MOOT** Plaintiff's Motion to Compel (Clerk's Docket Nos. 50 & 51) with regard to Requests 1A, 9A, 11A, and 13A. The Court **DENIES** the motion as to Request 2A as the documents do not exist any longer. **FINALLY.** the Court **DENIES** the motion as to the remaining requests, as the documents sought are not within the scope of permissible discovery.

SIGNED this 5th day of November, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

Request 11A:  a list of all disabled employees who requested permanent reasonable accommodations between 2008 and August 14, 2009 identifying the disabled employees who remain employed with the Seton Network;
Request 12A:  a copy of Seton Hospitals patient safety regulations;
Request 13A:  monthly patient safety error reports, starting from June 2008 thru August 2009.